# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1069 | **DATE** | March 8, 2012 |
| **CASE TITLE** | Lamont Dixon, Jr. (K-96013) vs. R. Winters | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") [3] motion is denied without prejudice. Plaintiff's complaint is dismissed without prejudice. To proceed with this case, Plaintiff must, within 30 days of the date of this order, both (1) resolve the filing fee issue by either prepaying $350 or submitting a completed IFP application to pay the fee with monthly deductions from his prison account, and (2) submit an amended complaint that states a valid federal claim. If Plaintiff does not comply with both directives within 30 days, the court will dismiss this case. The clerk shall forward an IFP application and amended complaint form to Plaintiff.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Lamonte Dixon, Jr., currently confined at Pontiac Correctional Center, has filed this civil rights complaint under 42 U.S.C. § 1983 against Stateville Officer Winters ("Defendant"). Plaintiff alleges that on September 21, 2011, he and Defendant argued about Plaintiff being involuntary transferred from Stateville. Defendant allegedly used demeaning comments and derogatory remarks during the argument. On September 28, 2011, Plaintiff and Defendant again argued about Plaintiff's involuntary transfer and about him being on commissary denial. The second argument allegedly escalated to the use of extremely graphic and foul language by both sides. (Compl. at 4.) During the second argument, Defendant yelled at Plaintiff "your . . . ass is transferring . . . out of here!" (*Id.*) According to Plaintiff, the argument ended with Defendant spitting at Plaintiff's face and walking away. (*Id.*)

Plaintiff's *in forma pauperis* ("IFP") application is not on the court's form and does not include a certificate by an authorized officer attesting to the amount of funds in Plaintiff's account. The Prison Litigation Reform Act ("PLRA") requires all inmates to pay the full filing fee, which currently is $350. If an inmate cannot prepay the fee at the beginning of his case, he may seek to proceed *in forma pauperis* to pay the $350 fee by monthly deductions from his trust fund account. If an inmate seeks to proceed IFP, he must submit a completed application on this court's form so that the court may assess whether he is a pauper, as well as the amount of the first deduction. The IFP application must include both a certificate from an authorized officer attesting to the amount of funds in Plaintiff's account and "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's IFP application, although including a copy of his trust fund account, lacks a certificate from an authorized officer. The IFP motion is thus denied without prejudice to Plaintiff submitting a completed application on this court's form. A blank IFP form will be sent to Plaintiff for his use, if he decides to proceed with this case. He is given 30 days from the date of this order to submit a completed application or prepay the $350 fee. His failure to do so will result in dismissal of this case. N.D. Ill. Local Rule 3.3(e).

In addition to the filing fee issue, Plaintiff's complaint fails to state a claim upon which this court can grant relief. To state a civil rights § 1983 claim, Plaintiff must allege that a person acting under the color of state law has violated Plaintiff's constitutional right. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Assuming Plaintiff's

| STATEMENT |
|---|

allegations are true, Defendant Winters verbally harassed and spat at Plaintiff. As explained below, such conduct, though unfortunate, does not amount to a constitutional violation.

With respect to the verbal exchange between the parties (with both using offensive language), courts have repeatedly held that "verbal harassment does not constitute cruel and unusual punishment" and does not rise to the level of a constitutional violation. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Miller v. Kozel*, No. 10 C 5381, 2011 WL 5024554 at *9 (N.D.Ill. Oct. 19, 2011) (Conlon, J.); *Draper v. Wagner*, No. 3:08-cv-00020, 2008 WL 4330405 at *2 (W.D. Wis. Jan. 28, 2008) (Crabb, J.).

With respect to Winters' spitting, while such conduct is deplorable, a single incident of spitting also does not rise to the level of a constitutional violation. *DeMallory v. Cullen*, 855 F.2d 442, 444 (7th Cir. 1988); *Johnson v. Ruiz*, No. 3:11-CV-542, 2012 WL 90159 at *4 (D. Conn. Jan. 10, 2012) (Hall, J.); *Shanklin v. Seals*, No. 3:07cv319, 2010 WL 2942649 at *24 (E.D. Va. July 27, 2010) (Lauk, M.J.). Even viewed in combination, a single incident of verbal abuse and spitting, though uncalled for and unfortunate, simply does not amount to a constitutional violation. *DeWalt*, 224 F.3d at 612; *DeMallory*, 855 F.2d at 444. Plaintiff's allegations may support a state battery or similar claim, but they do not support a federal civil rights suit which requires the violation of a constitutional or federal right.

Accordingly, the complaint is dismissed. Plaintiff is afforded an opportunity to submit an amended complaint that states a valid claim; however, the filing of another complaint with the claims set out in the current complaint will result in the dismissal of this case, the imposition of the filing fee, and the imposition of a strike for filing a complaint that fails to assert a claim upon which this court can grant relief. *See* 28 U.S.C. § 1915(g). Plaintiff is given 30 days both to resolve the filing fee issue and to submit an amended complaint in accordance with this order. If Plaintiff files no pleadings during that time, such may be construed as his desire not to proceed with this case and will result in dismissal.